1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9    ORRIN CARR,                                )    1:08-CV-01151 SMS HC
                                                )
10               Petitioner,                    )    ORDER DISMISSING PETITION FOR WRIT
                                                )    OF HABEAS CORPUS
11        v.                                     )
                                                )    ORDER DIRECTING CLERK OF COURT
12   JAMES TILTON, Secretary, et al.,           )    TO ENTER JUDGMENT AND CLOSE CASE
                                                )
13               Respondents.                   )
                                                )
14   _____ )

15

16        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

17   pursuant to 28 U.S.C. § 2254. On August 18, 2008, Petitioner returned his consent form indicating

18   consent to jurisdiction of the Magistrate Judge.

19                                   **BACKGROUND**[1]

20        Petitioner is currently in the custody of the California Department of Corrections at Pleasant

21   Valley State Prison. He challenges a prison disciplinary hearing held on May 21, 2006, in which he

22   was found guilty of possessing escape paraphernalia. As a result, Petitioner was assessed a thirty (30)

23   day loss of credit.

24        On July 9, 2006, Petitioner submitted an inmate appeal. On November 27, 2006, the appeal

25   was denied at the highest level of review. Petitioner then sought relief in the state courts. On April 3,

26   2007, his petition to the Fresno County Superior Court was denied. On November 9, 2007, his

27   petition to the California Court of Appeals, Fifth Appellate District, was denied. On April 9, 2008,

28

---

[1]This information is derived from the petition for writ of habeas corpus.

1  his petition to the California Supreme Court was denied.

2        On August 8, 2008, Petitioner filed the instant federal habeas petition in this Court. Petitioner

3  complains his due process rights were violated because he was denied his right to present all but one

4  witness, and because he was denied the appointment of a staff assistant despite the need for such

5  assistance.

6                    **DISCUSSION**

7  I.  Preliminary Review of Petition

8        Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

9        If it plainly appears from the petition and any attached exhibits that the petitioner is not
         entitled to relief in the district court, the judge must dismiss the petition and direct the clerk
10      to notify the petitioner.

11  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

12  habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

13  dismiss, or after an answer to the petition has been filed.  See Herbst v. Cook, 260 F.3d 1039 (9th

14  Cir.2001). A petition for habeas corpus should not be dismissed without leave to amend unless it

15  appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson,

16  440 F.2d 13, 14 (9th Cir. 1971).

17  II. Jurisdiction

18        Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant

19  to a judgment of a state court if the custody is in violation of the Constitution or laws or treaties of

20  the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362,

21  375 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S.

22  Constitution. Petitioner's claims for relief arise out of a disciplinary hearing at Pleasant Valley State

23  Prison, which is located within the jurisdiction of this Court. 28 U.S.C. §§ 2254(a), 2241(d). If a

24  constitutional violation has resulted in the loss of time credits, such violation affects the duration of a

25  sentence, and the violation may be remedied by way of a petition for writ of habeas corpus. Young v.

26  Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990).

27  III.  Standard of Review

28        This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody

U.S. District Court
E. D. California     cd              2

1    pursuant to the judgment of a State court only on the ground that he is in custody in violation of the

2    Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

3           The AEDPA altered the standard of review that a federal habeas court must apply with

4    respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v.

5    Taylor, 529 U.S. 362 (2000). Under the AEDPA, an application for writ of habeas corpus will not be

6    granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved

7    an unreasonable application of, clearly established Federal law, as determined by the Supreme Court

8    of the United States;" or "resulted in a decision that was based on an unreasonable determination of

9    the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d);

10   Lockyer v. Andrade, 123 S.Ct. 1166 (2003), *disapproving the Ninth Circuit's approach in* Van Tran

11   v. Lindsey, 212 F.3d 1143 (9th Cir. 2000); Williams, 529 U.S. 362. "A federal habeas court may not

12   issue the writ simply because that court concludes in its independent judgment that the relevant state

13   court decision applied clearly established federal law erroneously or incorrectly." Lockyer, 123 S.Ct.

14   at 1175 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations

15   omitted).

16          While habeas corpus relief is an important instrument to assure that individuals are

17   constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Harris v. Nelson, 394 U.S.

18   286, 290 (1969), direct review of a criminal conviction is the primary method for a petitioner to

19   challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633 (1993). In addition, the state

20   court's factual determinations must be presumed correct, and the federal court must accept all factual

21   findings made by the state court unless the petitioner can rebut "the presumption of correctness by

22   clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765 (1995);

23   Thompson v. Keohane, 516 U.S. 99 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

24   IV.  Review of Petitioner's Claims

25          Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be

26   diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418

27   U.S. 539, 555 (1974).  Prison disciplinary proceedings are not part of a criminal prosecution, so a

28   prisoner is not afforded the full panoply of rights in such proceedings.  Id. at 556.  Thus, a prisoner's

1    due process rights are moderated by the "legitimate institutional needs" of a prison.  Bostic v.

2    Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), *citing* Superintendent, etc. v. Hill, 472 U.S. 445, 454-

3    455 (1984).

4          However, when a prison disciplinary proceeding may result in the loss of good time credits,

5    due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the

6    disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional

7    goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement

8    by the factfinder of the evidence relied on and the reasons for the disciplinary action.  Hill, 472 U.S.

9    at 454; Wolff, 418 U.S. at 563-567.  In addition, due process requires that the decision be supported

10   by "some evidence."  Hill, 472 U.S. at 455, *citing* United States ex rel. Vatauer v. Commissioner of

11   Immigration, 273 U.S. 103, 106 (1927)

12         Petitioner first alleges his requests for witnesses were denied except for one. According to the

13   Rules Violation Report, Petitioner requested ten witnesses. The hearing officer granted Petitioner's

14   request as to two witnesses: R. Garcia and S. Reyes. See Attachment H, Petition. Both witnesses

15   were asked questions and testified at the hearing. Id. His requests for the other eight witnesses were

16   denied as follows: 1) Correctional Sergeant B. Torres was not called because the information

17   Petitioner sought to elicit from him had already been provided to the Investigative Employee; 2)

18   Correctional Lieutenant J. Brown was not called for the same reason; 3) Correctional Officer L. Diez

19   was not called because she had already provided a statement, and therefore, her testimony would

20   have added nothing further; 4) Correctional Officer T. Lynch was not called because he did not

21   witness any of the events and could offer no relevant information; 5) Correctional Officer W. Leon

22   was not called because he had already made a statement to the Investigative Employee and had

23   nothing further to add; 6) Correctional Officer Olivie was not called because he did not witness the

24   incident and had no relevant information to add; 7) Inmate Leming was not called because he refused

25   to answer any questions by Petitioner, he refused to participate or be a witness for Petitioner, he also

26   received a rules violation report for the same incident, and the hearing officer determined there were

27   issues between the inmates which could pose a threat to the safety of the institution; and 8) Inmate

28   Balbo was not called because he was not involved in the incident and did not witness any of the

circumstances leading to the instant violation. In light of this record, the state court reasonably determined Petitioner had an opportunity, consistent with institutional safety and correctional goals, to call witnesses and present his defense. Petitioner's due process rights were not violated.

Petitioner further claims that his request for a staff assistant was denied. As noted above, due process does not require a staff assistant be appointed; thus, no federal due process claim can be made. In any case, the RVR shows Petitioner was assigned an investigative employee because he was segregated and could not gather his own information. However, he was denied a staff assistant because the hearing officer determined he did not meet the criteria of California Code of Regulations § 3315(D)(2)(A). It was determined Petitioner did not need a staff assistant because he was literate, spoke English, the issues were not complex, Petitioner comprehended the nature of the charges and the disciplinary process, and a confidential relationship was not required. This claim was reasonably rejected by the state courts.

In sum, all due process requirements were satisfied. Accordingly, Petitioner's claims are without merit and the petition must be summarily dismissed. The dismissal is with prejudice as the Court finds that no tenable claim for relief can be pleaded were Petitioner granted leave to amend. Jarvis, 440 F.2d at 14.

## ORDER

Accordingly, IT IS HEREBY ORDERED:

1) The petition for a writ of habeas corpus is DENIED;

2) The Clerk of Court is DIRECTED to enter judgment; and

3) In the event Petitioner appeals this Order, no certificate of appealability is required. White v. Lambert, 370 F.3d 1002, 1010 (9th Cir.2004) ("a COA is not required when a state prisoner challenges an administrative decision regarding the execution of his sentence"); see also Rosas v. Nielsen, 428 F.3d 1229, 1232 (9th Cir.2005) (per curiam).

IT IS SO ORDERED.

**Dated:    August 21, 2008                              /s/ Sandra M. Snyder**
                                                    UNITED STATES MAGISTRATE JUDGE